TERRELL, Justice.
Appellants sued appellee to recover damages for personal injuries resulting from the negligent operation of a motor vehicle. Mrs. Mabel E. Marvin was driving north on state road A I A in Jacksonville Beach, Florida. As she approached the Banner Food Store on the left she turned into the south bound lane of the road. Appellee was approaching from the north and the collision took place in front of the Banner Food Store. The evidence is in conflict as to the exact position of the two automobiles when appellant turned left, so it is as to other factors in regard to the accident. At the conclusion of the trial the jury returned a verdict for defendant, a new trial was denied and the plaintiff has appealed.
Three questions are urged for reversal, but they all have to do with charges relative to the applicability of certain sections of Chapter 317, Florida Statutes 1951, F. S.A., particularly Sections 317.30, 317.22 and 317.04.
The collision took place just south of the intersection of Ninth Avenue North and Third Street, Jacksonville Beach. It is first contended that charge 2 requested by defendant and given by the court, was error, because it was taken in part from Section 317.30 which has no application to the situation in this case. It is next contended that in view of the evidence and pictures introduced showing the general layout of the locale, the trial court should have charged specifically as to what was contemplated by “residence district” and a “business district.”
The court is of the view that charge 2 was improper and harmful because the evidence shows that the impact took place within 100 feet of an intersection. (Section 317.04 had reference to the operation of automobiles outside of municipalities *416 and in effect of eliminated Section 317.30 from consideration.) It was inapplicable to the physical situation confronting the driver and should not have been embraced in the charge. Plaintiff was turning from the north bound lane of travel to the south bound, preparatory to leaving the' road when the accident took place. This was quite different from operating her car on the left side of the road. The jury should have been instructed as to what constituted a residence and business district. For these and other reasons we have reached the conclusion that the ends of justice require a new trial. It is so ordered.
Reversed.
ROBERTS, C. J., MATHEWS, J., and HOLT, Associate Justice, concur.